UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAKENAUTH GEER,

                    Plaintiff,

    -against-                                  9:14-CV-0813 (LEK/TWD)

DANE CLARK, *et al.*,

                    Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

Currently before the Court for review is *pro se* Plaintiff Pakenauth Geer's ("Plaintiff") Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff also requests leave to proceed with this action *in forma pauperis*. Dkt. No. 5 ("IFP Application").

**II.    IFP APPLICATION**

Upon review, the Court finds that Plaintiff has submitted a completed, signed, and certified IFP Application that demonstrates economic need. See 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in the Northern District. Dkt. No. 3. Accordingly, Plaintiff's IFP Application is granted.

**III.    REVIEW OF THE COMPLAINT**

    **A. Standard of Review**

Although a court has the duty to show liberality towards *pro se* litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but

particularly the plaintiff) have had an opportunity to respond," Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (noting that § 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

When reviewing a complaint, the Court may also look to Federal Rule of Civil Procedure 8, which provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**B. Sufficiency of the Complaint**

Plaintiff asserts claims arising out of his confinement at Washington Correctional Facility ("Washington C.F."). See generally Compl. Plaintiff names Washington C.F. employees Dane Clark ("Clark"), B. Inglee ("Inglee"), T. Sheehan ("Sheehan"), and Denisen ("Denisen") (collectively, "Defendants") as defendants in this case. Plaintiff's Complaint states that he has filed numerous inmate grievances at Washington C.F. regarding "the torment and harassment" he has received from "officers and officials," all of which have been ignored or neglected by Clark, the "IGRC Advisor" at Washington C.F. Id. at 1, 5-6. Plaintiff alleges that despite numerous complaints to Sheehan, Superintendent of Washington C.F., regarding Clark's failure to investigate and address Plaintiff's grievances, the situation was not resolved. Id. at 6. Additionally, Plaintiff alleges that Inglee, the Washington C.F. claim officer, ignored a property claim that Plaintiff filed regarding his broken typewriter, id. at 2, 5, and that Denisen, the package room officer, refused to give Plaintiff the new typewriter that his family shipped to him on June 13, 2014, id. at 6. Without his typewriter, Plaintiff states that he is not able to "file [a] lawsuit against officers and officials who had illegally resentence[d] [him] behind [his] back to fill their illegitimate heart and exaggerate [sic]

soul." Id.

Liberally construed, Plaintiff asserts claims for: (1) violation of his Fourteenth Amendment due process rights; (2) interference with mail; (3) denial of his right to access to the courts; and (4) retaliation. Plaintiff seeks an award of monetary damages. Id. at 7.

### 1. Due Process Claims

Plaintiff seeks to maintain this action pursuant to § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990)); see also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) ("[Section 1983] is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). "In evaluating due process claims, '[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.'" Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001) (quoting Narumanchi v. Board of Trs. of the Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988)).

The Due Process Clause confers no right to governmental investigation, even where that investigation may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. See DeShaney v. Winnebego Soc. Servs., 489 U.S. 189, 195-96 (1989); Pine v. Seally, No. 09-CV-1198, 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("[T]he law is . . . clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing Bernstein v. New York, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008)). Additionally, there is no constitutional right of access to the established inmate grievance

program. See, e.g., Mimms v. Carr, No. 09-CV-5740, 2011 WL 2360059, at *10 (E.D.N.Y. June 9, 2011) ("It is well-established that prison grievance procedures do not create a due-process-protected liberty interest."); Davis v. Buffardi, No. 01-CV-0285, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("Participation in an inmate grievance process is not a constitutionally protected right."). Therefore, to the extent that Plaintiff alleges that Defendants failed to investigate or respond to his grievances, or to his property claim to recover the cost of his typewriter, those claims fail as a matter of law and are dismissed with prejudice. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

        *2. Interference with Mail*

The First Amendment protects an inmate's right to send and receive both legal and nonlegal mail. See Thornburgh v. Abbott, 490 U.S. 401, 408-09 (1989). However, prison officials may regulate that right if the restrictions employed are "'reasonably related to legitimate penological interests.'" Id. at 409 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Legal mail is entitled to greater protection from interference than nonlegal mail. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted). The Supreme Court has recognized the need for different standards for incoming and outgoing mail, stating, "'the implications of outgoing correspondence for prison security are of a categorically lesser magnitude than the implications of incoming materials.'" Cancel v. Goord, No. 00 CIV. 2042, 2001 WL 303713, at *5-6 (S.D.N.Y. Mar. 29, 2001) (quoting Thornburg, 490 U.S. at 413). Further, a single instance of mail tampering that does not result in a plaintiff suffering any damage is generally insufficient to support a constitutional challenge. See Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (finding that one instance in which prison officials "unconstitutionally opened and inspected" mail from plaintiff's attorney out of plaintiff's presence was insufficient to indicate that plaintiff suffered any damage); Cancel, 2001

WL 303713, at *5-6 (dismissing claim where plaintiff alleged only two incidents of tampering with mail and there were no other indications of a continuing practice).

Here, Plaintiff complains of a single incident of interference with his incoming personal mail—when Denisen failed to give Plaintiff a typewriter that Plaintiff's family had sent to him.  See Compl. at 6.  However, though Plaintiff asserts that his ability to pursue litigation was impaired by the lack of a typewriter, id., he does not allege that he was unable to prepare and file handwritten pleadings, or that he was otherwise harmed in any respect, see generally id.

Upon review, and with due regard for Plaintiff's status as a *pro se* litigant, the Court finds that the factual allegations in the Complaint are not sufficient to plausibly suggest that Denisen's refusal to give Plaintiff the typewriter gives rise to a cognizable claim for the violation of his First Amendment right to receive mail.  As a result, Plaintiff's First Amendment mail interference claim is dismissed without prejudice for failure to state a claim.  See 28 U.S.C. §§ 1915(e) and 1915A.

   *3. Access to the Courts*

The Constitution guarantees prisoners meaningful access to the courts.[1]  See Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977), modified on other grounds, Lewis, 518 U.S. at 350; Morello v. James, 810 F.2d 344, 346-47 (2d Cir. 1987).  This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights."  Bounds, 430 U.S. at 828.

---

[1] Inmates have a First Amendment right to "petition the Government for a redress of grievances."  See U.S. CONST. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

An inmate alleging a denial of access to the courts must show that he was "hindered [in] his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both that (1) the defendant acted deliberately and maliciously, and (2) the plaintiff suffered an actual injury. Id. at 353; Renelique v. Duncan, No. 03-CV-1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007) (citing Howard v. Leonardo, 845 F. Supp. 943, 946 (N.D.N.Y. 1994)). "A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." Amaker v. Haponik, No. 98 Civ. 2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb.17, 1999). Plaintiff must allege that the defendant's actions hindered his or her "efforts to pursue a legal claim." Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997). "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" Davis, 320 F.3d at 352 (citing Jermosen v. Coughlin, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)).

Interference with or denial of access to the inmate grievance system does not result in "actual injury" for purposes of a First Amendment denial of access to the courts claim. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a plaintiff-inmate whose access to the grievance process has been hindered or foiled by actions of prison officials may be excused from the PLRA's exhaustion requirement and permitted to file suit without having completed that process. See Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004). Therefore, an inmate may still be able to pursue a legal claim despite denial of access to prison grievance procedures. Consequently, any alleged interference by Defendants with Plaintiff's access to prison grievance procedures would not deny Plaintiff access to the courts.

The Court has also considered whether Plaintiff's claim that Denisen improperly withheld

7

his new typewriter gives rise to a cognizable claim for denial of access to the courts, and concludes that it does not. Here, again, Plaintiff does not assert that the alleged misconduct resulted in "actual harm" such as the "the dismissal of an otherwise meritorious legal claim." Cancel, 2001 WL 303713, at *4. Thus, Plaintiff also has not stated a cognizable claim under the First Amendment because he has not alleged any actual injury. See id. ("[I]n order to survive a motion to dismiss [an access-to-the-courts claim,] a plaintiff must allege not only that the defendant's conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim."); Konigsberg v. Lefevre, 267 F. Supp. 2d 255, 261 (N.D.N.Y. 2003) ("The injury to be demonstrated is injury to the right of access, by showing prison officials frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.") (citation omitted).

As a result, Plaintiff's First Amendment denial-of-access-to-the-courts claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim.

### 4. Retaliation

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff—namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action—in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004) (citing Dawes v. Walker, 239 F.3d

489, 492 (2d. Cir. 2001)).  Because of the relative ease with which claims of retaliation can be asserted, courts scrutinize such claims with particular care.  See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ("[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

Liberally construed, the Complaint alleges that Plaintiff was engaged in protected conduct at Washington C.F. when he filed grievances and lawsuits regarding the conditions of his confinement.  See Compl. at 2, 5-6.  Thus, the Court must consider whether Plaintiff has alleged facts that plausibly suggest that Defendants' conduct constituted "adverse action" for purposes of a First Amendment retaliation claim, and whether Plaintiff's grievance and litigation activity was a "substantial or motivating factor" for that alleged misconduct.

Plaintiff alleges that Clark failed to respond to an unspecified number of grievances that Plaintiff filed against unnamed corrections staff regarding alleged instances of staff "torment and harassment," and that Inglee "ignored" his property claim for the cost of his damaged typewriter.  Id. at 5-6.  These allegations are not sufficient to plausibly suggest that a similarly situated individual of ordinary firmness would be deterred by such conduct from exercising his or her constitutional rights.  See Dawes, 239 F.3d at 493, overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); see also Crenshaw v. Herbert, 445 F. Supp. 2d 301, 303 n.1 (W.D.N.Y. 2006) (finding that denial of plaintiff's grievances and removal from certain jobs did not constitute adverse actions).

The Court also finds that a single isolated instance of interference with incoming mail, without more, would not chill a person of ordinary firmness and therefore does not allege an "adverse action" sufficient to state a plausible retaliation claim.  See, e.g., Tafari v. McCarthy, 714

F. Supp. 2d 317, 347 (N.D.N.Y. 2010) ("Courts in this circuit have held that claims of mail tampering do not constitute adverse action"); Islam v. Goord, No. 05 Civ. 7502, 2006 WL 2819651, at *7 (S.D.N.Y. Sept. 29, 2006) ("[Tampering with personal and legal mail] is not the type of conduct that would deter an ordinary individual from exercising his constitutional rights."); Battice v. Phillip, No. CV-04-669, 2006 WL 2190565, at *6 (E.D.N.Y. Aug. 2, 2006) ("Even if intentional, this isolated incident [of failing to deliver mail on one occasion] is 'simply de minimis and therefore outside the ambit of constitutional protection.'") (citation omitted).  Therefore, Plaintiff's allegation that Denisen interfered with Plaintiff's receipt of a typewriter his family had sent does not allege an adverse action sufficient to make out a plausible claim for retaliation.

The Court finds, moreover, that even assuming that Plaintiff was subjected to "adverse action" for purposes of a retaliation claim, Plaintiff has not alleged facts in the Complaint that even suggest that his grievance and litigation activity was a "substantial or motivating factor" in Defendants' decisions to engage in that conduct.  As a result, Plaintiff's First Amendment retaliation claims are dismissed without prejudice.  See 28 U.S.C. §§ 1915(e) and 1915A.

**C. Opportunity to Amend**

The Second Circuit has held that a district court "should not dismiss [a *pro se* plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999) (internal quotation omitted).  An opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of

10

discretion to deny leave to amend." (citations omitted); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied." (citation omitted)).

Although the Complaint does not necessarily indicate that Plaintiff might be able to state a valid claim, the Court will nonetheless grant him an opportunity to file an amended complaint with respect to the claims dismissed without prejudice.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff Pakenauth Geer's Application (Dkt. No. 5) to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Authorization Form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that Plaintiff's claims against Defendants arising from their alleged failure to respond to grievances and claims are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's remaining claims are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action he must file an amended

complaint **within thirty (30) days** of the filing date of this Decision and Order;[2] and it is further

**ORDERED**, that in the event Plaintiff fails to file a signed amended complaint within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice and without further order of the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   November 19, 2014
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] Any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which the Court may properly exercise jurisdiction. Any amended complaint must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.